**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> NASSER MCFALL <br> USM No. 37912-509 <br> FDC Philadelphia | Criminal Action No.: 2:21-cr-00173-3-GEKP |

**DEFENDANT'S SENTENCING MEMORANDUM**

**I.      INTRODUCTION**

Mr. McFall pled guilty to counts 1, 2, 3, 5, and 6 under the superseding indictment charging conspiracy and maliciously damaging property under 18 U.S.C. 844(n) and 844(i), (2)(a), (b), and 2. Sentencing is scheduled for October 16, 2023. The written plea agreement is made under Fed. R. Crim. P. Rule 11(c)(1)(C) with a recommended specific sentence of 84 months imprisonment, a 3-year period of supervised release, a 500-dollar special assessment, restitution of $258,083, and any fine if the court determines a fine should be imposed. If the court does not accept the agreement, either the government or defendant shall have the right to withdraw the guilty plea.

**II.     SENTENCING GUIDELINES**

This case involves use of fire or explosives to destroy ATM machines at various locations. Mr. McFall received no upward adjustment in the sentencing guidelines for role in the offense and he received a downward adjustment for acceptance of responsibility. He has no prior criminal record. Accordingly, the guidelines calculated are correct. The advisory sentencing guidelines are therefore 70-87 months imprisonment. The Presentence Report also states Mr. McFall does not have the financial ability to pay a fine. (¶ 104)

### III.    PERSONAL HISTORY AND CHARACTERISTICS

Mr. McFall was significantly without father parenting during childhood. He has a significant history of drug and alcohol abuse, but to date, has not received any treatment. He reported he was heavily under the influence of a Percocet addiction when his offenses were committed.

### IV.    ARGUMENT

If the Court denies Mr. McFall's motion to withdraw his guilty plea, then the sentence in the plea agreement should be imposed. The 84 month term is at the higher end of the guidelines and reflects the nature of the offense and Mr. McFall's lack of prior contact with the criminal justice system. He should be recommended for residential drug and alcohol treatment during his prison term.

Dated: October 9, 2023                            Respectfully submitted,

_/s/ Benjamin Cooper_
Benjamin B. Cooper, Esquire
1518 Walnut Street, Suite 807
Philadelphia, PA 19102
(484) 844-9455 (office)
bcooperlawyer@gmail.com

*Attorney for Defendant*